Cook *v.* Guill.*

(*Nashville*, December Term, 1937.)

Opinion filed June 11, 1938.

Designated for Publication May 26, 1939.

---

*See James v. Kennedy, p. 591, *infra*.

W. S. Noble, of Nashville, for plaintiff in error.

James E. Covington and A. G. Ewing, both of Nashville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This case calls for the construction of Section 6, Chapter 12, Private Acts of 1937, creating a Court of General Sessions for Davidson County, relating to the right of appeal from judgments rendered by said Court in civil cases. The pertinent portion of this Section reads as follows:

"Sec. 6. That the rules of pleading and practice, forms of writs and process, stay of and appeals from judgments in civil cases of said Court shall be the same as of Justices of the Peace, *except no appeal shall be granted from a judgment dismissing a suit or judgment which does not exceed the amount of $50.00, exclusive of interest and cost;* however, a new trial of said excepted cases may be had and with as full rights as if on appeal to the Circuit Court, provided a petition for a writ of *certiorari* showing merit and sworn to has been filed with the Circuit Court within ten days from the date of the judgment complained of, and the writ has been granted."

We have italicized the lines which are submitted for construction.

This suit was brought to recover an alleged indebtedness of $91, and after trial was dismissed with costs. An appeal was taken to the Circuit Court from the judgment dismissing the suit. The trial Judge construed the above quoted language of Section 6 as limiting the method of review in this case to a petition for writ of *certiorari* filed with the Circuit Court within ten days from the date of the judgment, and, this procedure not having been followed, dismissed the appeal.

It is the insistence of the plaintiff below that (1) under a proper construction of the pertinent language of Section 6 it does not purport to deprive him of the right of direct appeal, for the reason that his suit was for more than $50; and (2) he insists that if construed to deprive him of the right of direct appeal, the provision is unconstitutional, in that it is discriminatory and unreasonable and deprives him of the equal protection of the law.

Learned counsel for the plaintiff below thus expresses what he conceives to be the "precise question" arising upon a construction of the pertinent clause:

"Is the qualifying or explanatory clause, immediately following the word 'judgment' in the second exception, equally applicable to and explanatory of the word 'suit' in the first exception?"

It is the theory of counsel that the underscored language provides for two exceptions, dealing (1) with a case in which there is a judgment dismissing a suit for more than $50 and (2) a "judgment which does not exceed the amount of $50.00," exclusive of interest and cost. He submits that the language should be construed as though it read as follows: "Except no appeal shall be granted from a judgment dismissing a suit (which does

not exceed the amount of $50.00 exclusive of interest and cost) or judgment which does not exceed the amount of $50.00 exclusive of interest and cost.'' As thus read, under the first exception the amount sued for would determine the right to appeal; under the second exception, the amount of the judgment would determine this right.

 We are unable to agree to this construction of learned counsel. We do not feel authorized to write into the pertinent clause the proposed language. We think it fairly appears that the intent of the excepting language was to limit appeals to the method of petition for certiorari in all cases in which either (1) the judgment is for the defendant, or (2) is for a sum less than $50 and costs. These two classes of results in the Court of General Sessions are thus dealt with. And we find neither discrimination nor unreasonableness in such a classification. The Legislature might well and reasonably find justification for restricting this limitation of the right of review to cases in which, upon a hearing in this Court of original jurisdiction, it is adjudged that the plaintiff is entitled to recover (1) nothing at all, or (2) a sum less than $50, upon the assumption that justice has probably been done, and might lawfully enact that to secure the right of review a showing of merits should be presented by petition for certiorari. All litigants falling into these classes are treated alike and are accorded equal rights and privileges in the matter of judicial review.

What has been said will serve also as our response to the challenge of constitutionality of the provision. Since we do not find discrimination, or arbitrary or unreasonable classification, the provision is not subject to the constitutional objections made.

Affirmed.