JAMES *v.* KENNEDY.

(*Nashville*, December Term, 1938.)

Opinion filed June 10, 1939.

592

GEORGE PULLEN JACKSON, JR., of Nashville, for plaintiff in error.

BAXTER CATO and J. G. LACKEY, JR., both of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a judgment of the circuit court dismissing his appeal to that court from the Court of General Sessions, the plaintiff has appealed to this court.

The Court of General Sessions for Davidson County was established by chapter 12 of the Private Acts of 1937, taking over the jurisdiction and authority formerly exercised by justices of the peace in that county in civil

and criminal cases, suits and actions. This statute was considered and its validity sustained in *Hancock* v. *Davidson County*, 171 Tenn., 420, 104 S. W. (2d), 824.

The present suit was brought in the Court of General Sessions to recover damages for injuries to person and property "under $500" growing out of an automobile accident. There was a judgment for defendant in that court. The plaintiff was granted an appeal to the Circuit Court of Davidson County and the case was there heard upon its merits before the court and a jury and a verdict for $90 returned in favor of the plaintiff. Prior to the hearing on the merits the defendant had moved the circuit court to dismiss the appeal for want of jurisdiction. Whether the defendant had previously to this motion demanded a jury, or otherwise recognized the jurisdiction of the circuit court, is a matter about which there is some controversy. We do not find it necessary to go into this.

Section 6 of the Act creating the Davidson County Court of General Sessions provides that "no appeal shall be granted from a judgment dismissing a suit or judgment which does not exceed the amount of $50.00, exclusive of interest and costs; however, a new trial of said excepted causes may be had and with as full rights as if on appeal to the Circuit Court, provided a petition for a writ of *certiorari* showing merit and sworn to has been filed with the Circuit Court within ten days from the date of the judgment complained of, and the writ has been granted."

Construing the quoted language in *Cook* v. *Guill*, 174 Tenn., 587, 128 S. W. (2d), 345, 346, opinion filed June 11, 1938, this court said:

"We think it fairly appears that the intent of

the excepting language was to limit review to the method of petitions for *certiorari* in all cases in which either (1) the judgment is for the defendant, or (2) is for a sum less than $50 and costs. . . . The Legislature might well and reasonably find justification for restricting this limitation of the right of appeal to cases in which, upon a hearing in this Court of original jurisdiction, it is adjudged that the plaintiff is entitled to recover (1) nothing at all, or (2) a sum less than $50, upon the assumption that justice has probably been done, and might lawfully enact that to secure the right of review a showing of merits should be presented by petition for *certiorari.*"

We adhere to this construction of the Act of 1937. The obvious purpose of this particular provision was to relieve the Circuit Courts of Davidson County of appeals in trivial cases and in cases not quite so trivial apparently, but, upon investigation by a competent tribunal, found to be without merit.

■ The right of appeal is wholly of constitutional or statutory origin and was unknown to the common law. Where the Constitution does not define specific limits of appellate jurisdiction, this may be abridged or extended by the Legislature as public policy may require. *Chattanooga* v. *Keith,* 115 Tenn., 588, 94 S. W., 62, 5 Ann. Cas., 859; *State* v. *Bockman,* 139 Tenn., 422, 201 S. W., 741.

Indeed, it was held in *Chattanooga* v. *Keith* that the Legislature might make the judgments of a municipal court final in certain small cases.

■ So there can be no question about the legislative power to limit the right of review and to prescribe the method of review of judgments of the Davidson County Court of General Sessions. In the Act of 1937 the Legis-

lature has not only prescribed the method by which certain cases heard in the Court of General Sessions shall be reviewed, that is, by petition for *certiorari*, but has gone further and enacted that "no appeal shall be granted" from judgments in such cases.

 In view of this unequivocal prohibition of the granting of an appeal from a judgment of the Court of General Sessions in a case like the one before us, we are of opinion that the parties by their conduct cannot confer jurisdiction on the circuit court to entertain such an appeal. It is fundamental that jurisdiction, neither original nor appellate, can be conferred by consent and neither waiver nor estoppel could be more effective than the consent of parties.

We may refer in this connection to section 10629 of the Code regulating the right of removal to this court of cases determined in the Court of Appeals. The statute provides that there shall be no other method of review except by *certiorari* and that the time for filing petitions for *certiorari* shall not be extended beyond ninety days after final judgment of the Court of Appeals. This court has uniformly felt compelled to dismiss appeals and writs of error undertaken by mistaken litigants from judgments of the Court of Appeals, although adverse parties had made no point on the practice and had responded to the assignments of error. So we have felt obliged to dismiss petitions for *certiorari* filed more than ninety days after the judgments of the Court of Appeals, although adverse parties undertook to waive the statutory requirements.

 We think the circuit court is equally without power to acquire jurisdiction, by waiver or by consent, of a case like the one before us coming from the Court of

General Sessions. The statutory prohibition was in the public interest. The business of the Circuit Courts of Davidson County had been clogged by appeals from magistrates' courts in trivial cases and cases without merit. Neither conduct nor agreement of the parties can overcome the legislative interdiction.

The plaintiff presses upon our consideration *Campbell* v. *Railroad Co.*, 84 Tenn. (16 Lea), 270. In that case a justice of the peace granted an appeal from his judgment which did not show the term nor the court to which the appeal was taken. The papers were sent to the circuit court and the case there heard upon its merits. After judgment the unsuccessful parties made the point that the circuit court had not acquired jurisdiction by reason of this defective appeal. This court held that the objection came too late. We think this case is not controlling here. An appeal was permissible, not forbidden, in that case. There was nothing but a formal defect in the granting of the appeal. The court was not dealing with a case in which an appeal was prohibited.

For the reasons stated, we think the circuit judge reached the right conclusion herein and his judgment is affirmed.