WHITE *v.* GARNER.

(*Jackson*, April Term, 1951.)

Opinion filed June 16, 1951.

Warmath & Cunningham, of Humboldt, for plaintiff in error.

W. R. Landrum, of Trenton, and Miles & Miles, of Union City, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question presented for determination in this case is one of venue. The action was commenced and service of summons had on the defendant in Humboldt, Tennessee, while in the jurisdiction of that court. To this summons, the defendant plead in abatement raising the question of whether or not, under the Statute creating the Law Court of Humboldt, a defendant could be sued in that court where and when he was a resident of a Civil District outside of that court's territorial jurisdiction. The plea in abatement was demurred to by the plaintiff and upon consideration of these pleadings the court sustained the plea in abatement and dismissed the action. From this action of the court the plaintiff seasonably perfected his appeal to this Court.

The Law Court at Humboldt was created by the Public Acts of the General Assembly, 1868-69, Chapter 22. By the provisions of this Act a common law court was established at Humboldt including, among other Civil Districts, the Third Civil District of Gibson County, in

which the City of Humboldt is situated. The pertinent sections of this Statute are as follows:

"Sec. 2. Be it further enacted, That the Law Court of Humboldt has general common law jurisdiction, original and appellate, in all cases at law, of a civil or criminal character, arising in the civil districts named in the first section of this Act, and that no resident of said districts shall be sued in the Circuit Court of Gibson County, nor presented or indicted therein, unless the offense was committed in the county out of said districts. Where the court has the jurisdiction of the cause of action, counterparts of writs may issue from said court for joint defendants residing out of said districts.

"Sec. 3. Be it further enacted, That except in real actions, where the lands lie in said districts, no citizen of Gibson County residing out of said districts shall be sued in said court, unless he waive his right to be sued in the Circuit Court of said county, by acknowledging service of the writ returnable to said special court.

"Sec. 4. Be it further enacted, That the Law Court of Humboldt shall have all the powers within the local jurisdiction that belong by law to the Circuit Courts of this State."

"Sec. 7. That the Clerk of the Circuit Court, at Trenton, shall, upon application of either party, in person or by attorney, transfer any cases now pending in the Circuit Court of Gibson County, to the Law Court of Humboldt, where the defendant in such case is a resident within the jurisdiction of said court last named."

The plea in abatement specifically sets forth the fact that the defendant was a resident of the Seventh Civil District of Gibson County, Tennessee, and was not a citizen and a resident of the Third Civil District of

Gibson County, Tennessee. The first portions of the Act creating the Law Court of Humboldt specifically exclude the Seventh Civil District of Gibson County, Tennessee, from the territorial jurisdiction of the Law Court of Humboldt. Statutes like the above permitting a defendant to have certain actions tried in the county or subdivision thereof where he resides "are remedial in nature and are liberally construed, to the end that a defendant may not be unjustly deprived of that right." 56 Am. Jur., Sec. 28, page 30. With this sound legal proposition in mind let us briefly review the venue statutes of this State and some of the previous holdings applicable thereto.

Code Section 8640 provides: "In all transitory actions, the right of action follows the person of the defendant, *unless otherwise expressly provided.*" (Emphasis ours.)

The next Code Section, Sec. 8641, provides in substance that when both parties to the action live in the same county, that the suit shall be brought in that county. Code Section 8751 provides in substance that an action may be abated by the defendant where suit is brought in a different county from that required by law.

This Court has said on more than one occasion that "these (Code Sections last above referred to) provisions evince a legislative purpose to localize transitory actions." *Haynes* v. *Woods,* 151 Tenn. 163, 268 S. W. 632, 633; *McClearen* v. *U. S. Fidelity, etc., Co.,* 168 Tenn. 268, 77 S. W. (2d) 451; *Thomas* v. *Altsheler,* Tenn., 235 S. W. (2d) 806.

Two of the assignments of error are bottomed on Code Section 8640 above (transitory action section). A very able argument is presented on this feature of the

case. The plaintiff in error takes the position that since this section authorizes transitory actions to be brought where the defendant is found and that since the defendant in this case is found within the jurisdiction of the Humboldt Law Court, therefore, this general statute covering transitory actions will prevail over the special statute creating the Humboldt Law Court wherein citizens of another portion of the county are excluded from the jurisdiction of that court. It is not questioned that the present action is a transitory action, that is, one that might be brought anywhere as distinguished from a local action.

The argument based on these assignments as to Code Section 8640 is that if the trial court's interpretation of the Statute creating the Law Court of Humboldt is upheld that this would in effect give the courts of Gibson County a greater power than have other Circuit Courts of the State, "without expressly so providing." It is further argued that this interpretation of the trial court "would give the residents of Gibson County a distinct privilege not available to the residents of other counties of the State, that is, only residents of Gibson County could force a transitory cause of action to be brought in the court having territorial jurisdiction over their residents."

We are forced to disagree with this argument because the Legislature in adopting the transitory action Code Section, 8640, expressly provided that these transitory actions might be had where the defendant was found "unless otherwise expressly provided." The following Section as heretofore pointed out provides otherwise wherein it sets out that when both parties live in the same county the venue shall be in the county of their residence.

The present Act creating the Law Court of Humboldt is likewise a general act of the Legislature and it provides otherwise, that is, that residents of districts of Gibson County outside of the districts making up the Humboldt Law Court shall not be sued in that court. It was clearly within the province and right of the Legislature to create such a distinction. We have heretofore pointed out the fact that it is clearly the policy of the Legislature to localize these transitory actions when and if they deem it feasible and possible. This Act creating the Humboldt Law Court certainly was done for this purpose, that is, to localize insofar as Gibson County was concerned, the defendants of two sets of districts, one to be heard in the Law Court of Humboldt and the other in the Circuit Court of Gibson County at Trenton. The Legislature in creating this Act is presumed to have had a good reason to do so and we see nothing legally wrong with the Act. Section 7 of the Act (above quoted) further emphasizes the legislative purpose, that is, to localize these actions in the two respective Courts or the parties living in the jurisdiction of those Courts. This section of the Act required the Clerk of the Court upon the application of either party to transfer the cases then pending from one Law Court to the other depending upon the residence of the parties. The very phraseology of the Act, creating the Humboldt Law Court, evinces such a legislative intent.

The power of the Legislature to establish special courts, under Section 1 of Article 6 of the Constitution, is well established, and apparently is not questioned in the instant case. This question of power though is inferentially questioned when it is argued that this Statute excluding this jurisdiction of a certain portion of the coun-

ty from this Court is unconstitutional. There are a number of instances where special courts in particular counties have been created. Some of these courts have had the jurisdiction of the Circuit transferred to them and some the jurisdiction of the Chancery Court and some the jurisdiction of the Criminal Court. In a few instances the jurisdiction has been transferred from other courts to a special court set up in certain districts of the particular county. See *Ellis* v. *State,* 92 Tenn. 85, 20 S. W. 500; *Wilcox* v. *State,* 50 Tenn. 110. The fixing of this jurisdiction and the powers "are largely subject to the will of the Legislature". *Wilcox* v. *State,* supra, 50 Tenn. at page 114, note by Judge Nelson. See also some of the various Acts creating the General Sessions Courts which have been construed by this Court, in *Hancock* v. *Davidson County,* 171 Tenn. 420, 104 S. W. (2d) 824; *Cook* v. *Guill,* 174 Tenn. 587, 128 S. W. (2d) 345; *James* v. *Kennedy,* 174 Tenn. 591, 129 S. W. (2d) 215, and other cases.

██ ██ It is ably contended that the Act creating the Law Court of Humboldt is unconstitutional because it violates Article 11, Section 8 of the Constitution of Tennessee wherein it is provided; "The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land."

We have heretofore pointed out the fact that the Act creating the Humboldt Law Court is not inconsistent with the general law governing transitory actions because in enacting that law the Legislature enacted it and provided in the last words of the Act that it should apply unless it was otherwise provided. In the instant case it is otherwise provided. Here we have the plaintiff in

error residing in the jurisdiction of the Humboldt Law Court while the defendant in error resides in the jurisdiction of the Circuit Court of Gibson County, Tennessee. The Act creating the Law Court of Humboldt applies only to the residents within the jurisdiction of the respective parties. We do not think that the plaintiff in error can complain of this territorial limitation. If he brings his suit within the jurisdiction of this special court he is bound by the Act creating that court; likewise, citizens residing within the jurisdiction of the Circuit Court of Gibson County.

There is nothing in the Act to prohibit a citizen of the jurisdiction of the Humboldt Law Court from being sued, in any other county of the State, if found within the County. This law is not passed for the benefit of any particular individual or group of individuals but is purely passed to localize the actions relative to the various districts of the County and the citizens thereof. As heretofore said the Legislature through all of these Acts has evinced a policy of localizing these transitory actions when it may be done. In numerous opinions heretofore cited the reasons for this have been ably and succinctly pointed out. We can see no constitutional prohibition against such an Act. It seems fair to us and within the constitutional limits of the Constitution of the State of Tennessee.

For the reasons heretofore expressed the opinion of the trial court must be affirmed.

TOMLINSON, Justice (dissenting).

By the provisions of the statute under attack in this case the residents of certain districts of Gibson County are rendered immune from suit in a transitory action in the Law Court at Humboldt in Gibson County, and the residents of the remaining districts of Gibson County are rendered immune from suit in a transitory action in the Circuit Court at Trenton.

Under the provisions of Code Section 8640, which is a general law, "In all transitory actions, the right of action follows the person of the defendant". Hence, under this general law all residents of the State of Tennessee from Carter to Shelby may be sued in a transitory action in either of the aforementioned Courts in Gibson County provided service may be had upon them there unless, under some particular facts, such suit is prohibited by some general law applicable to all residents of Tennessee.

From that above said it is clear that the residents of Gibson County are by the statute in question granted an immunity which by the general law is withheld from every other resident of the State of Tennessee. Residents "may be classified under article 11, § 8, of the constitution, when the object of the legislature is to confer upon them certain rights, privileges, immunities, or exemptions not enjoyed by the community at large". *Stratton Claimants* v. *Morris Claimants,* 89 Tenn. 497, 522, 15 S. W. 87, 92, 12 L. R. A. 70. Therefore, the constitutionality of the act in question must be tested by the provisions of Article XI, Section 8 of our Constitution.

"If the classification is made under article 11, § 8, of the constitution, for the purpose of conferring upon a class the benefit of some special right, privilege, immunity, or exemption, there must be some good and valid

reason why that particular class should alone be the recipient of the benefit". *Stratton Claimants* v. *Morris Claimants,* supra, 89 Tenn. at page 534, 15 S. W. at page 95.

For this very clear discrimination made by the statute under consideration, I am unable to think of any basis which appeals in the slightest degree to my sense of reasoning. Nor is any basis for this discrimination suggested other than that (1) the act under attack localizes the action and (2) the discrimination is authorized by Code Section 8640 (the general law) in its closing expression, wherein it says "unless otherwise expressly provided". It was likewise suggested in the argument in support of the validity of this statute that it has been acquiesced in since its enactment in 1867.

It seems to me that the word *"localize"* does not eliminate the still glaring fact that the residents of Gibson County have been *immunized* from suit in a Court in which all other residents of the State of Tennessee may be sued under the provisions of the general law carried in Code Section 8640.

To say that such a localization removes the statute from the prohibition of Article XI, Section 8 is, in my opinion, only to beg the question. That question is whether there is any reasonable basis for such discrimination between the residents of Tennessee in so localizing the action.

I cannot think that the General Assembly in enacting Code Section 8640 had it in mind by the use of the expression "unless otherwise expressly provided" to authorize any future General Assembly to arbitrarily discriminate between the residents of Gibson County, on the one hand, and all the remaining residents of Tennessee, on the other hand, by granting to the residents of Gibson County an

immunity withheld from all other residents of Tennessee. But regardless of such intent, it was beyond the power of the General Assembly to authorize the future enactment of a statute contravening the organic law by arbitrarily granting to the residents of Gibson County an immunity withheld by the general law from all other residents of the State.

At the time of the enactment in 1867 of the statute in question here Article XI, Section 7 of the 1834 Constitution prohibited the immunity attempted to be granted by the 1867 Act. "It is a matter of legislative and judicial history, that sec. [7] of Art. XI of the Constitution of 1834, was intended to operate as a check upon that species of private legislation which conferred special privileges and benefits on individuals, which were not enjoyed by all the citizens of the State". Chadwell and Others, ex parte, 62 Tenn. 98, 102. This restraint was, of course, likewise carried in the Constitution of 1870 under the same article and section.

With reference to the argument as to long acquiescence in the provisions of the 1867 act, it is my understanding that the question of the constitutionality of the act has never before been made an issue in Court. "It is not the province or practice of this court to seek out constitutional defects in the acts of the General Assembly. Indeed, all intendments are in favor of the laws as passed, and the court will only pass upon their validity when it is raised and fully presented to the court." *State ex rel.* v. *Nashville Baseball Club*, 127 Tenn. 292, 308, 154 S. W. 1151, 1155. When the question of its constitutionality is raised, and the Court is of the opinion that the act is unconstitutional, then the Court will not hesitate to so declare it "even though it may have been re-asserted and

acquiesced in for a long number of years." *Arnold* v. *Knoxville,* 115 Tenn. 195, 202, 90 S. W. 469, 470, 3 L. R. A., N. S., 837.

For the reasons stated, I am convinced that the Act of 1867 is unconstitutional insofar as it purports to immunize residents of Gibson County from suit in a transitory action in either the Law Court at Humboldt or the Circuit Court at Trenton, while all other residents of the State are subjected to such suit in these Courts under the provisions of Code Section 8640.