IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 14, 2012


ROSHEAY RAGLAND and wife, THERESA RAGLAND v.
OAKLAND DEPOSIT BANK


Direct Appeal from the Chancery Court for Shelby County
No. CH-11-1232-1    Walter L. Evans, Chancellor

---

No. W2011-02303-COA-R3-CV - Filed July 12, 2012

---

This appeal involves the foreclosure of real property owned by the Appellants. The Appellants filed a request for a temporary and permanent injunction, alleging that the Appellee bank that held the mortgage on the property had violated the Appellants' rights. After the Appellants testified at the temporary injunction hearing, the Bank moved for involuntary dismissal and the trial court dismissed the case. Both parties filed post-trial motions regarding possession of the subject property. The appellate record contains no record that either of these motions was adjudicated by the trial court. Accordingly, the judgment of the trial court is not final, and this Court lacks subject matter jurisdiction over this appeal. Dismissed and remanded.


Tenn. R. App. P. 3. Appeal as of Right; Appeal is Dismissed and Remanded


J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Venita Marie Martin, Memphis, Tennessee, for the appellants, Rosheay Ragland and wife, Theresa Ragland.

G. Gregory Voehringer, Memphis, Tennessee, for the appellee, Oakland Deposit Bank.


OPINION


I. Background


Plaintiffs/Appellants Rosheay Ragland and Theresa Ragland, (collectively, "Appellants," or "the Raglands") owned real property located in Shelby County that was subject to a mortgage held by Defendant/Appellee Oakland Deposit Bank ("Oakland

Bank"). The Appellants subsequently became delinquent in the payment of their Shelby County property taxes. Pursuant to the mortgage agreement, Oakland Bank paid the delinquent property taxes and then sought to be reimbursed by the Appellants. In order to pay both their mortgage and the amount owed for the delinquent property taxes, on September 26, 2010, the Appellants entered into a loan modification agreement, which provided for principal, interest and escrow payments to be paid monthly to Oakland Bank until September 2013, when the full interest and principal remaining on the loan would be due in full.

After the loan modification, the Appellants soon "fell behind" on their mortgage payments. Accordingly, on May 25, 2011, Appellants received a foreclosure notice from Oakland Bank, stating that the property would be sold at a foreclosure sale for nonpayment of the debt on June 20, 2011, unless the Appellants disputed the validity of the debt and requested verification thereof within thirty (30) days.

In response to the foreclosure notice, on June 9, 2011, the Appellants, via certified mail, return receipt requested, sent a letter Oakland Bank. The letter requested that Oakland Bank:

> [P]roduce, within ten (10) days of the service hereof . . . the original wet ink Signature Promissory Note/Bond that must be lawfully registered with the Comptroller of Currency of the United States Department of the Treasury Pursuant to Public Law 38th Congress Volume 13 Sat. 105 section 20 allegedly signed by [Appellants] in reference to the alleged Mortgage Security Interest Instrument . . . or filed December 5th, 2003 in reference to the alleged promissory note.

Oakland Bank received and signed for the letter on June 10, 2011.

Notwithstanding the above request, on June 20, 2011, the Substitute Trustee conducted a foreclosure sale of the subject property, wherein Oakland Bank purchased the property. Also on June 20, 2011, Oakland Bank filed a Detainer Warrant in the General Sessions Court of Shelby County seeking possession of the property. On the same day, the General Sessions Court granted Oakland Bank possession of the property pursuant to the Detainer Warrant.

On July 27, 2011, the Appellants filed a Verified Request for Preliminary and Permanent Injunction seeking to enjoin Oakland Bank from taking possession of their property. The Appellants alleged that their rights had been violated by Oakland Bank and

that they would suffer immediate and irreparable harm if Oakland Bank was allowed to take possession of their property. The request also averred that Oakland Bank had violated the Tennessee Home Protection Act, Tennessee Code Section 45-20-101 *et seq.,* in requiring the Appellants to make a balloon payment of the entire balance, including both principal and interest, in 2013. Finally, the Appellants asked that the foreclosure be set aside and that they be awarded compensatory and punitive damages. After the Appellants paid a $500.00 bond, the trial court granted an injunction enjoining Oakland Bank from "auctioning, seeking or taking possession" of the subject property. A hearing on the request for a temporary injunction was set for August 10, 2011.

On August 10, 2011, Oakland Bank filed a response to the request for a temporary and permanent injunction, denying that it had violated the Appellants' rights and averring that the Appellants were not entitled to relief under the Tennessee Home Protection Act. In addition, Oakland Bank sought immediate possession of the subject property.

Because the trial court was unable to hear the matter on August 10, 2011, the parties entered into an agreed order extending the temporary injunction until August 23, 2011, when the matter was reset for hearing. When the court was again unable to hear the matter, the temporary injunction was extended until September 15, 2011.

On September 16, 2011, the trial court held a hearing on the request for a temporary and permanent injunction. Only the Appellants testified. At the conclusion of their testimony, Oakland Bank moved to dismiss the action for failure to state a claim upon which relief may be granted. The trial court found the motion well taken and dismissed the Appellant's cause of action.

The trial court entered an order memorializing its ruling on September 23, 2011. The order states, in pertinent part:

> After the testimony of the [Appellants] the Court found [Oakland Bank's] motion to dismiss for failure to state a claim upon which relief will be granted well taken as [Appellants] had failed to meet its [sic] burden to show an irregularity with the foreclosure. The Court further found Appellants failed to meet its [sic] burden in its request for a permanent injunction.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:
>
> 1.  That [Appellants'] request for injunctive

-3-

> relief is denied and the temporary injunction is dissolved;
>
> 2. That the foreclosure sale of the real property . . . held on June 20, 2011 is hereby affirmed;
>
> 3. That the General Sessions Court's award of a writ of possession to [Oakland Bank] for the real property . . . is affirmed, but shall be stayed for 30 days from the date of the hearing on September 16, 2011.

The trial court also released the bond held by the Chancery Court clerk to Oakland Bank. On October 7, 2011, the Appellants filed a notice of appeal to this Court.[1]

## II. Analysis

The Appellants raise several issues in their brief for this Court to review. However, several procedural problems negate our jurisdiction over this appeal, and thus we cannot adjudicate the substantive issues raised by the Appellants.

First, on October 7, 2011, the Appellants filed a motion to stay the trial court's order granting possession of the property to Oakland Bank pending appeal. In response, on October 13, 2011, Oakland Bank filed a motion to post a bond pending appeal pursuant to Tennessee Code Annotated Section 29-18-130(b)(1).[2] The motion asked that Oakland Bank

---

[1] The Appellants retained a new attorney to handle their appeal. Accordingly, the attorney representing the Appellants throughout this appeal was not involved in the proceedings in the trial court.

[2] Tennessee Code Annotated Section 29-18-130 provides:

> (a) When judgment is rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.
>
> (b) (1) If the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the

(continued...)

be restored possession of the subject property; in exchange, Oakland Bank agreed to post a bond pending appeal equivalent to "double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause." Tenn. Code. Ann. § 29-18-130(b)(1). Also on October 13, 2011, Oakland Bank filed a response in opposition to Appellants' motion to stay the trial court's order pending appeal.

Both parties' briefs indicate that the trial court entered an order on October 14, 2011, staying execution of the earlier judgment awarding possession of the property to Oakland Bank and ordering the Appellants to pay a bond to the chancery court clerk in the approximate amount of $1,563.00 per month as fair rental value for the property. However, this order is not contained within the appellate record.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that, if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Without a final judgment, this Court does not have subject matter jurisdiction. Tenn. R. App. P. 3(a). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). In the absence of an order, which disposes of

---

[2](...continued)
final hearing of the cause.

(2) In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, the provisions of subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The plaintiff shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

both the Appellants' motion to stay the execution of the judgment, and Oakland Bank's motion to post bond and for possession of the property, it appears that the trial court failed to adjudicate all the claims of the parties. Thus, the order appealed is not final and this Court lacks subject matter jurisdiction to consider this appeal. *See* Tenn. R. App. P. 3(a).

Although we recognize that both parties agree that the trial court entered an order disposing of both parties' claims and thus making the judgment in this case final, subject matter jurisdiction does not depend on the conduct or agreement of the parties. *See **Shelby County v. City of Memphis***, 211 Tenn. 410, 413, 365 S.W.2d 291, 292 (Tenn. 1963); ***James v. Kennedy***, 174 Tenn. 591, 595, 129 S.W.2d 215, 216 (Tenn. 1939). Accordingly, the parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver. *See **Caton v. Pic–Walsh Freight Co.***, 211 Tenn. 334, 338, 364 S.W.2d 931, 933 (Tenn. 1963); ***Brown v. Brown***, 198 Tenn. at 618–19, 281 S.W.2d at 501.

Moreover, "[t]his Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (citing ***Jennings v. Sewell–Allen Piggly Wiggly***, 173 S.W.3d 710, 713 (Tenn. 2005)). The Appellant has a duty to prepare an appellate record that conveys an accurate and complete account of the trial court proceedings regarding the issues that are the basis of the appeal. ***Flack v. McKinney***, No. W2009–02671–COA–R3–CV, 2011 WL 2650675, at *2 (Tenn. Ct. App. July 6, 2011) (citing ***In re M.L.D.***, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005)). This Court's authority to review a trial court's decision is limited to issues for which it is provided an adequate appellate record. ***Am. Gen. Fin. Servs., Inc. v. Goss***, No. E2010–01710–COAR3–CV, 2011 WL 1326234, at * 2 (Tenn. Ct. App. Apr.7, 2011). The Court is precluded from addressing an issue on appeal when the appellate record does not include relevant documents. ***Chiozza***, 315 S.W.3d at 492. Because the appellate record contains no order disposing of both parties' post-trial motions, this Court cannot presume that such an order exists. Without such an order, the proceedings in the trial court are not final and this Court lacks subject matter jurisdiction over this appeal.

However, even if we were to assume subject matter jurisdiction in this case, this Court has thoroughly reviewed the record and has uncovered two other issues that render appellate review impractical, if not impossible. First, the Appellant in this case has failed to file a transcript or statement of the evidence of the proceedings in the trial court. Tennessee Rule of Appellate Procedure 24 provides, in pertinent part:

> (b) **Transcript of Stenographic or Other Substantially Verbatim Recording of Evidence or Proceedings.** If a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is

available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. Unless the entire transcript is to be included, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript the appellant intends to include in the record, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. . . . The transcript, certified by the appellant, appellant's counsel, or the reporter as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.

(c) **Statement of the Evidence When No Report, Recital, or Transcript Is Available.** If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.

Accordingly, the Appellants were required to submit either a transcript or a statement of the evidence to this Court. In this case, the parties agree that a court reporter was present at the injunction hearing. Appellants contend that they were unable to file a copy of the transcript in this case because counsel for Oakland Bank would not cooperate by telling Appellants' lawyer the name of the company that provided the court reporter. However, nothing in the record supports this allegation; as discussed above, this Court's review is limited to that which is contained in the appellate record. *See McDowell v. McDowell*, No. M2000-02153-COA-R3-CV, 2001 WL 856585, at *1 (Tenn. Ct. App. July 31, 2001) (noting that appellate courts may only review what is in the record). Even if the Appellants were unable to obtain a copy of the transcript, the Appellants did not attempt to submit a statement of the evidence as allowed by Rule 24(c) of the Tennessee Rules of Appellate Procedure. *See Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *2 (Tenn. Ct. App. Feb. 6, 2001) ("The judicial system is not unmindful of the expense of verbatim transcripts

and the practical barrier this expense can create . . . . Accordingly, Tenn. R. App. P. 24(c) empowers civil litigants to prepare a statement of the evidence or proceedings in lieu of a verbatim transcript.").

"The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 Tenn. App. LEXIS 418, at \*19 (Tenn. Ct. App. June 26, 2012). "The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts." *Trusty v. Robinson*, No. M200-01590-COA-R3-CV, 2001 WL 96043, at \*1 (Tenn. Ct. App. Feb. 6, 2001) (citing Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560–61 (Tenn. 1993); *Realty Shop, Inc. v. RR Westminister Holding, Inc.*, 7 S.W.3d 581, 607 (Tenn. Ct. App. 1999); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)). Generally, the failure to file an adequate appellate record will be attributed to the appellant, whose bears the responsibility to prepare a record that is adequate for a meaningful appellate review. Tenn. R. App. P. 24(b); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Without an appellate record containing the facts, this court cannot perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, in such cases, we generally assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *Id.*; *McDonald*, 772 S.W.2d at 914; *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

In some cases, however, the technical record coupled with the findings of fact and conclusions of law as set out by the trial court are sufficient to support limited, but meaningful appellate review. *See Gross v. McKenna*, No. E2005–02488–COA–R3–CV, 2007 WL 3171155, at \*2–3 (Tenn. Ct. App. Oct. 30, 2007) ("Because of the absence of a proper record, we are limited to addressing those issues which raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the facts as stated by the judge himself in his memorandum opinions."); *Baker v. Hancock County Election Commission*, No. 15, 1987 WL 7717, at \*1 (Tenn. Ct. App. March 12, 1987) ("No transcript or statement of the evidence was filed, but we will accept as accurate the findings of fact in the Trial Court's memorandum opinion"); *see also Trusty*, 2001 WL 96043, at \*2 (Tenn. Ct. App. Feb. 6, 2001) (noting that without a transcript or statement of the evidence, this Court can only rely on the technical record, including the pleadings and the orders of the trial court). Such limited appellate review is not possible in this case, however, as our review is further hindered by the trial court's failure to set forth findings of fact and conclusions of law in its order dismissing this cause.

In this case, Oakland Bank moved the court to dismiss the complaint after the

Appellants presented their evidence. Thus, Oakland Bank's motion is governed by Rule 41.02(2) of the Rules of Civil Procedure regarding involuntary dismissals. Rule 41.02(2) provides:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . . The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Tenn. R. Civ. P. 42.01.

Accordingly, a trial court granting a motion for involuntary dismissal under Rule 41.02(2) must specifically state its findings of fact and conclusions of law in the order dismissing the case. *See also* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. "). As noted by the Appellants in their brief, the trial court in this case failed to make findings of fact or conclusions of law with regard to dismissing the Appellants' claim. This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). Without findings of fact and conclusions of law "this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)). This Court has previously held that "[a]ppellate review . . . is not possible in the absence of specific findings of fact and conclusions of law by the trial court." *Lake v. Haynes*, No. W2010–00294–COA–R3–CV, 2011 WL 2361563, at *5 (Tenn. Ct. App. June 9, 2011). Because we are faced with not only the Appellant's failure to file a transcript or statement of the evidence, but also the trial court's failure to make findings of fact and conclusions of law, this Court cannot conduct

meaningful appellate review.

Based on the foregoing, we conclude that this Court lacks subject matter jurisdiction to consider this appeal. Further, even if this Court were to assume subject matter jurisdiction, profound deficiencies in the appellate record hinder this Court's ability to render a decision on the merits. Accordingly, this appeal is dismissed and this cause is remanded to the trial court.[3] Costs of this appeal are taxed to Appellants, Rosheay Ragland and Theresa Ragland, and their surety.

                                        _____
                                        J. STEVEN STAFFORD, JUDGE

---

[3] We note that during the pendency of this appeal, on April 17, 2012, Oakland Bank filed a motion to dismiss this appeal based on the Appellants' failure to file a transcript or statement of the evidence and the Appellant's failure give notice of such deficiency. *See* Tenn. R. App. P. 26(b) ("If the appellant shall fail to file the transcript or statement within the time specified in Rule 24(b) or (c), or if the appellant shall fail to follow the procedure in Rule 24(d) when no transcript or statement is to be filed, any appellee may file a motion in the appellate court to dismiss the appeal."). On May 18, 2012, this Court denied the motion, finding it untimely. On May 30, 2012, Oakland Bank filed a motion to reconsider or clarify this Court's order denying the motion to dismiss. Because we conclude that this Court lacks jurisdiction, requiring us to dismiss this appeal, Oakland Bank's motion to clarify or reconsider our earlier order is rendered moot.