IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 9, 2020 Session

## ABU-ALI ABDUR'RAHMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 87-W-417        Monte Watkins, Judge**

_____

### No. M2019-01708-CCA-R3-PD

_____

This is a State appeal, filed by the State Attorney General and Reporter, from an Agreed Order ("AO") entered between Petitioner, Abu-Ali Abdur'Rahman, and the District Attorney General for Davidson County. The AO amended Petitioner's capital sentence to life imprisonment. Petitioner filed a motion to reopen his post-conviction proceedings based upon the ruling of the United States Supreme Court in *Foster v. Chatman*, 578 U.S. ___, 136 S. Ct. 1737 (2016). The post-conviction court granted the motion and set the matter for a hearing. At the hearing, the parties presented to the court an AO stating that Petitioner's sentence would be amended in exchange for his waiving and dismissing all post-conviction claims. The post-conviction court accepted the AO and subsequently entered an amended judgment of conviction. The State appealed, arguing that the post-conviction court lacked jurisdiction to accept the AO and amend Petitioner's sentence. Petitioner responds that this Court lacks jurisdiction to hear this appeal because the State consented to the AO in the post-conviction court, thereby foreclosing any right to appeal. We have thoroughly considered the briefs and arguments of both parties as well as the amici curiae. We conclude that the State has a right to appeal to challenge the jurisdiction of the post-conviction court. We also conclude that the post-conviction court lacked jurisdiction to accept the AO and to amend Petitioner's final judgment of conviction because it did not comply with the statutory requirements for granting relief under the Post-Conviction Procedure Act. Therefore, we vacate both the AO and the amended judgment of conviction and remand this case to the post-conviction court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Vacated
and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., J., joined. THOMAS T. WOODALL, J., filed a separate opinion concurring in part and dissenting in part.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Leslie E. Price, Senior Deputy Attorney General; Zachary T. Hinkle, Deputy Attorney General; Glenn R. Funk, District Attorney General, for the appellant, State of Tennessee.

David R. Esquivel, Michael C. Tackeff, Kelley J. Henry, Katherine M. Dix, and Bradley A. MacLean, Nashville, Tennessee, for the appellee, Abu-Ali Abdur'Rahman.

Lucille A. Jewel and Stephen Ross Johnson, Knoxville, Tennessee, for the Amicus Curiae, the National Association of Criminal Defense Lawyers.

Donald Capparella and Tyler Chance Yarbro, Nashville, Tennessee; and Lawrence J. Fox and Susan Martyn, New Haven, Connecticut, for the Amicus Curiae, the Ethics Bureau at Yale.

L. Webb Campbell II, William L. Harbison, Eric G. Osborne, and Amy R. Mohan, Nashville, Tennessee, for the Amicus Curiae, former Tennessee state and federal prosecutors Ed Yarbrough, Bill Farmer, Hal Hardin, Charles Fels, and Tom Dillard.

Jonathan Harwell, Knoxville, Tennessee; Shane Ramsey and Woods Drinkwater, Nashville, Tennessee, for the Amicus Curiae, the Tennessee Association of Criminal Defense Lawyers.

Gregory D. Smith, J. David Wicker, and Alexandra T. MacKay, Nashville, Tennessee, for the Amici Curiae, the Tennessee Conference of the NAACP and the Napier-Looby Bar Association.

**OPINION**

*Factual Background and Procedural History*

Well over 33 years ago, Petitioner, Abu-Ali Abdur'Rahman (formerly known as James Lee Jones, Jr.), was convicted of first-degree premeditated murder, assault with intent to commit first-degree murder, and armed robbery for the stabbing attacks of Patrick Daniels and Norma Norman. Petitioner was sentenced to death for the murder conviction and consecutive life sentences for the two other convictions. *See State v. Jones*, 789 S.W.2d 545 (Tenn. 1990), *cert. denied, Jones v. Tennessee*, 498 U.S. 908 (1990). As relevant to this appeal, Petitioner raised a claim on direct appeal that the prosecutor's use of peremptory strikes against African-American jurors violated his constitutional rights under *Batson v. Kentucky*, 476 U.S. 79 (1986). *Jones*, 789 S.W.2d at 548-49. The Tennessee Supreme Court found that "[t]here was no pattern of strikes

against black jurors" and that "[t]here was no indication of any discriminatory purpose in the strikes" given the prosecutor's "neutral reasons for the exercise of its challenges." *Id*. at 549. The Tennessee Supreme Court affirmed Petitioner's convictions and sentences. *Id.* at 553.

Petitioner subsequently filed a petition for post-conviction relief, the denial of which was affirmed by this Court on appeal. *See James Lee Jones, Jr. v. State*, No. 01C01-9402-CR-00079, 1995 WL 75427, at *1 (Tenn. Crim. App. Feb. 23, 1995), *perm. app. denied* (Tenn. Aug. 28, 1995), *cert. denied, Jones v. Tennessee*, 516 U.S. 1122 (1996). Petitioner also unsuccessfully sought federal habeas corpus relief, primarily raising claims of ineffective assistance of counsel and the prosecutor's withholding of certain evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *See Abdur'Rahman v. Bell*, 226 F.3d 696 (6th Cir. 2000); *Abdur'Rahman v. Colson*, 649 F.3d 468 (6th Cir. 2011); *Abdur'Rahman v. Carpenter*, 805 F.3d 710 (6th Cir. 2015).

On June 24, 2016, Petitioner filed a motion to reopen post-conviction proceedings in the Davidson County Criminal Court. *See* T.C.A. § 40-30-117. Petitioner asserted three claims based on recent United States Supreme Court cases. First, and as relevant to this appeal, Petitioner asserted that *Foster v. Chatman*, 578 U.S. ___, 136 S. Ct. 1737 (2016), established a new rule of constitutional law regarding a prosecutor's use of peremptory strikes against potential jurors that are "motivated in substantial part by discriminatory intent" and that this rule was retroactively applicable. Like the defendant in *Foster*, Petitioner obtained the prosecutor's jury selection notes after his trial and direct appeal, which Petitioner alleged contradicted the prosecutor's race-neutral reasons for the strikes given at trial. The other claims raised in Petitioner's motion were that capital punishment should be declared unconstitutional because it is inconsistent with the reasoning of the majority opinion in *Obergefell v. Hodges*, 576 U.S. __, 135 S.Ct. 2584 (2015), and with Justice Breyer's dissent in *Glossip v. Gross*, 576 U.S. 863 (2015). On September 23, 2016, Petitioner filed a petition for writ of habeas corpus as a supplement to his motion to reopen, asserting that capital punishment should be deemed unconstitutional based on the historical record of its application in Tennessee since 1977 showing that it "operates in an arbitrary and capricious manner" and that it is not consistent with the "evolving standards of decency." The State did not file a response to either of Petitioner's pleadings.

On October 5, 2016, the post-conviction court entered an order entitled "Order Granting 'Motion to Reopen Post-Conviction Petition' in Part and Denying in Part." The post-conviction court denied Petitioner's motion with respect to his claims based on *Obergefell* and *Glossip*, concluding that they did not establish new rules of constitutional

law that would entitle Petitioner to relief.[1]  The post-conviction court also denied Petitioner's petition for writ of habeas corpus.  However, the post-conviction court stated that it would "hold an evidentiary hearing in order to make a determination as to issue one, whether Petitioner is entitled to relief under *Foster v. Chatman*."  The post-conviction court stated that the hearing would focus on whether *Foster* created a new rule of law regarding peremptory strikes of potential jurors that were "motivated in substantial part by discriminatory intent" or whether the new rule was actually announced in *Snyder v. Louisiana*, 552 U.S. 472 (2008).  If *Snyder* controlled, the post-conviction court would determine whether Petitioner waived his claim because he failed to raise it for eight years.

On August 28, 2019,[2] Petitioner filed a "Pre-Hearing Memorandum" detailing his claim that "*Foster* formulated a change in the evidentiary and procedural rules for adjudicating a jury race discrimination claim" from that originally established in *Batson*. After describing the development of United States Supreme Court's jurisprudence from *Batson* through the recent decision in *Flowers v. Mississippi*, __ U.S. __, 139 S.Ct. 2228 (2019), Petitioner argued that "*Foster* stands in an important position in the Court's development of the law in this area" because it allowed a defendant to raise a jury discrimination claim that had been previously adjudicated on direct appeal and to support the claim with "newly discovered evidence from outside the trial record – specifically in this case, the prosecutor's notes taken during jury selection[.]"  Additionally, Petitioner

---

[1] The Petitioner did not file an application for permission to appeal the denial of these claims pursuant to Tennessee Code Annotated section 40-30-117(c) or an appeal as of right under Tennessee Rule of Appellate Procedure 3(b) from the denial of his habeas corpus petition.

[2] Pending before this Court is Petitioner's motion, pursuant to Tennessee Rule of Appellate Procedure 14, to consider the declaration of Petitioner's counsel regarding his various meetings with the District Attorney General to negotiate a settlement of this case over the course of this three-year delay. Rule 14(a) empowers an appellate court to consider certain facts that "occur[] after judgment," are "capable of ready demonstration[,]" and "affect[] the positions of the parties or the subject matter of the action[.]"  In deferring consideration of Petitioner's motion and the State's response, a panel of this Court noted:

> Although the facts contained in counsel's declaration are not later-arising and were known to the appellee and to the District Attorney General at the time of the negotiated settlement, the parties could not have anticipated the need to include details of the settlement negotiations in the record at the time of the entry of the parties' agreed order. The circumstances presented in this case are unique, and the motion before the court does not squarely fall within the guidelines of Tennessee Rule of Appellate Procedure 14.

Order Reserving Judgment on Motion to Consider Post-Judgment Facts, March 5, 2020.  Given the unique circumstances of this case, this Court will consider the declaration of Petitioner's counsel only insofar as it provides helpful information regarding the procedural history of this case.

asserted that *Foster* retroactively applied to post-conviction proceedings the standard established in *Snyder*, a direct appeal, that a defendant must show that the prosecutor's strike of a juror was "motivated in substantial part by discriminatory intent." *See Foster*, 136 S. Ct. at 1754 (citing *Snyder*, 552 U.S. at 485). The memorandum then detailed Petitioner's factual allegations regarding the peremptory strikes of specific African-American jurors by the prosecutor in his case.

An evidentiary hearing was held on August 28, 2019, consisting of arguments by counsel for both parties. Petitioner's counsel submitted multiple exhibits, including the prosecutor's jury selection notes, transcripts of voir dire from Petitioner's trial, and an affidavit from one of the stricken jurors. The exhibits also contained a letter written by Davidson County District Attorney General, Glenn R. Funk, to the Tennessee District Attorney Generals Conference regarding comments made by the prosecutor as a panel member at a continuing legal education seminar in 2015 suggesting the use of racial stereotypes in jury selection. Petitioner's counsel presented the factual and legal arguments underpinning Petitioner's claim that he was entitled to relief under *Foster*. Petitioner's counsel also argued that this claim should be considered in conjunction with Petitioner's claims of prosecutorial misconduct that were raised in his federal habeas corpus proceedings.[3] The District Attorney General stated that the "hearing [was] not about an innocent man" but that "[o]vert racial bias has no place in the justice system" and "the pursuit of justice is incompatible with deception." The District Attorney General stated that upon his review of Petitioner's case and his discussions with the surviving victim and both victims' families, he was prepared to enter an agreement in which Petitioner's death sentence would be vacated in exchange for Petitioner "withdrawing his application for a new trial[,] waiving any other claims for relief[,]" and "not fil[ing] any other petitions." The parties then presented the post-conviction court with the AO, which they signed in open court. The post-conviction court took the matter under advisement, stating that it would "review the order, as well as the pleadings and exhibits in this case, and make a determination as to whether the [c]ourt will accept this."

On the next day, August 29, 2019, the post-conviction court signed the AO entitled "Agreed Order Allowing Amended Judgment", which stated in pertinent part as follows:

> It appears from the signatures appearing below of the Petitioner and his counsel, and of the attorney for the State, that the parties stipulate, and therefore the Court finds, as follows:

---

[3] Petitioner's attorney relied on the dissenting opinion by Judge Cole in *Abdur'Rahman v. Colson*, 649 F.3d at 478-483. However, the majority opinion in that case rejected Petitioner's claim that the prosecutor violated *Brady* by failing to disclose certain pieces of evidence or that any prejudice arising therefrom was sufficient to entitle Petitioner to relief. *See id.* at 475, 478.

. . . .

G. The State and the Petitioner have agreed to settle this case according to the terms set forth below, subject to Court approval. The State represents that this settlement will serve the ends of justice.

H. By signing below, Petitioner represents to the Court that he understands the terms of this settlement which involve the waiver of any claims he may have in this case, subject to the terms of this Order, and that he believes this settlement is in his best interest.

ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The Court's judgment for Count 1 convicting Petitioner of First Degree Murder and sentencing him to death is hereby amended, such that Petitioner's sentence for Count 1 is and shall be Life in Prison, and not Death.

2. All other provisions of the Court's judgments for Counts 1, 2 and 3 shall remain in full force and effect.

3. All of Petitioner's claims in this case are deemed waived by Petitioner and are therefore DISMISSED, subject to the terms of this Agreed Order.

The following day, the post-conviction court announced its ruling in open court, stating:

The [c]ourt reviewed the pleadings, including the facts of the case, the jury selection process, the exhibits and the relevant statutory and case law regarding this matter. During my consideration of the agreed order, an issue arose as to whether parties could agree to set aside a jury verdict such as the one presented to this court. The [c]ourt believes that the issue has been resolved or is resolved by [Tennessee Code Annotated section] 40-30-103, as well as cases such as [*Joseph Matthew*] *Maka v. State*, [No. W2003-01209-CCA-R3-PC, 2004 WL 2290493, at *2 (Tenn. Crim. App. Oct. 11, 2004), *no perm. app. filed*] and *Foster v. Chatman*, as well as *Batson v. Kentucky*.

The [c]ourt concludes that the prosecuting office has the authority to remedy a legal injustice under circumstances such as these before us. After

careful consideration, the [c]ourt believes the parties reached an equitable and just resolution and, therefore, approves the agreed order.

The post-conviction court subsequently entered an amended judgment of conviction for Count 1, reflecting a life sentence for the first degree murder conviction. Under the section of the form for special conditions, the post-conviction court wrote:

Judgment amended pursuant to agreed order signed by the court on 8/28/19 which was entered in consideration of potential unconstitutional conviction and sentence pursuant to the provisions of [T.C.A. §] 40-30-101 et seq and [T.C.A. §] 40-30-117 (post-conviction statutes). In consideration of this modification of judgment, [Petitioner] waives all appeals and claims related to this matter.

On September 20, 2019, the State, acting through the Office of the Attorney General and Reporter (hereinafter, "State Attorney General"), filed a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3(c).

### *Analysis*

On appeal, the State Attorney General argues that the post-conviction court lacked jurisdiction to accept the AO and to amend Petitioner's judgment of conviction because the court failed to follow the statutory requirements of the Post-Conviction Procedure Act. In particular, the State relies upon this Court's recent opinion in *Harold Wayne Nichols v. State*, No. E2018-00626-CCA-R3-PD, 2019 WL 5079357, at \*11-12 (Tenn. Crim. App. Oct. 10, 2019), *perm. app. denied* (Tenn. Jan. 15, 2020), in which this Court held that the post-conviction court lacked jurisdiction to accept a proposed settlement agreement in the absence of a finding that the petitioner was entitled to post-conviction relief. Petitioner, as the appellee, responds that this Court lacks jurisdiction to hear this appeal because the State, represented by the District Attorney General, consented to the entry of the AO in the post-conviction court. With regard to the merits of the State's claim, Petitioner argues that because the post-conviction court had the jurisdiction to adjudicate his motion to reopen, it also had the jurisdiction to accept the parties' settlement agreement and that this Court's decision in *Harold Wayne Nichols* is inapplicable to the case at bar.

This Court is required to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). Subject matter jurisdiction is "the power of a court to adjudicate the particular category or type of case brought before it." *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015). "Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by legislative or constitutional

act." *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Subject matter jurisdiction "cannot be waived, because it is the basis for the court's authority to act." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). "'It is fundamental that jurisdiction, neither original nor appellate, can be conferred by consent and neither waiver nor estoppel could be more effective than the consent of parties.'" *State v. Smith*, 278 S.W.3d 325, 329 (Tenn. Crim. App. 2008) (quoting *James v. Kennedy*, 129 S.W.2d 215, 216 (Tenn. 1939)). Whether a court has subject matter jurisdiction is a question of law, and our review is de novo with no presumption of correctness. *Cawood*, 134 S.W.3d at 163 (internal quotation omitted).

Because this Court's jurisdiction to hear an appeal is a prerequisite to appellate review, we will first address the question of whether the State Attorney General can pursue an appeal of the AO on behalf of the State when the District Attorney General, also representing the State, consented to the entry of the AO in the post-conviction court. This involves issues related to the State's right to appeal and the proper allocation of authority between the District Attorney General and the State Attorney General. Because we ultimately conclude that this Court has jurisdiction to hear this appeal, the second question we will address is whether the post-conviction court had jurisdiction to enter the AO. This involves issues related to the post-conviction court's jurisdiction to adjudicate Petitioner's motion to reopen as well as its jurisdiction to amend Petitioner's sentence upon agreement of the parties that his post-conviction claims would be waived. We note that due to the procedural posture of this case, the merits of Petitioner's *Foster* claim are not before this Court, and we express no opinion thereon.

## I. Appellate Court's Jurisdiction

### A. State's Right to Appeal

Generally, the State does not have the right to appeal in a criminal case "'unless the right is expressly conferred by a constitutional provision or by statute.'" *State v. Menke*, 590 S.W.3d 455, 460 (Tenn. 2019) (quoting *State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008)); *see* Tenn. R. Crim. P. 37(b) (stating that "the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal"). "'When a statute affords [the State] the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute.'" *Menke*, 590 S.W.3d at 460 (quoting *Meeks*, 262 S.W.3d at 718).

Tennessee Rule of Appellate Procedure 3(c) provides as follows:

> Availability of Appeal as of Right by the State in Criminal Actions. In criminal actions an appeal as of right by the state lies only from an order or

judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

According to the Advisory Commission Comments, "This subdivision specifies situations, within constitutional limits, in which it seems desirable to recognize the state's right of appeal." Tenn. R. App. P. 3(c), Adv. Comm'n. Cmts.

This case was initiated when Petitioner filed a motion to reopen post-conviction proceedings, which was granted by the post-conviction court on October 5, 2016.[4] Once the post-conviction court granted the motion to reopen, "the procedure, relief and appellate provisions" of the Post-Conviction Procedure Act applied. T.C.A. § 40-30-117(b). This includes the provision that the post-conviction court's final order is appealable "in the manner prescribed by the Tennessee Rules of Appellate Procedure." T.C.A. § 40-30-116. The AO, which disposed of Petitioner's pending post-conviction claims by stating that they were waived and dismissed, was a final judgment in a post-conviction proceeding from which the State has a right to appeal under Rule 3(c). Moreover, from the language of the AO, it does not appear that the State explicitly waived the right to appeal.[5]

Additionally, the Tennessee Supreme Court has recently held that a defendant has an appeal as of right from the entry of an amended order or judgment under Rule 3(b) by applying Tennessee Rule of Criminal Procedure 36. *State v. Allen*, 593 S.W.3d 145, 153 (Tenn. 2020). Rule 36 grants a trial court the authority to correct clerical errors in judgments and orders at any time and provides that "[u]pon filing of the corrected judgment or order, . . . the defendant or the [S]tate may initiate an appeal as of right pursuant to Rule 3[.]" Tenn. R. Crim. P. 36. In *Allen*, the supreme court concluded that

---

[4] As discussed in further detail below, we reject the State's argument that the post-conviction court's October 5, 2016 order did not actually grant the motion to reopen.

[5] Even if such a waiver is possible, this Court has noted that the State Attorney General "would be a necessary party to such an agreement." *State v. Burrow*, 769 S.W.2d 510, 512 n.3 (Tenn. Crim. App. 1989).

because the trial court "was not purporting to simply correct a clerical mistake or supply omitted or overlooked information" when it amended an order that had become final over five years previously, it "exceeded the authority Rule 36 provides." *Allen*, 593 S.W.3d at 154. Similarly, when the post-conviction court in this case entered the amended judgment, which amended Petitioner's sentence for first degree murder from death to life imprisonment, it did not purport to merely correct a clerical mistake or omission. Because, as we discuss further below, the post-conviction lacked any other basis to amend Petitioner's final judgment, the State has an appeal as of right under Rule 3(c) from the entry of the amended judgment because the post-conviction court exceeded the authority granted by Rule 36.[6]

Petitioner relies heavily on case law stating that consent decrees in civil cases are "not appealable by the parties entering into the agreement." *City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810, at *10 (Tenn. Ct. App. Aug. 16, 2005) (citing *City of Shelbyville v. State ex rel. Bedford Cnty.*, 415 S.W.2d 139, 144 (Tenn. 1967); *Bacardi v. Tenn. Bd. of Registration in Podiatry*, 124 S.W.3d 553, 562 (Tenn. Ct. App. 2003)), *perm. app. denied* (Tenn. Feb. 6, 2006). "However, a party may appeal from a consent order upon a claim of lack of actual consent, fraud in its procurement, mistake, or *lack of the court's jurisdiction to enter the judgment*." *Leroy Jackson, Jr. v. Purdy Bros. Trucking Co., Inc.*, No. E2011-00119-COA-R3-CV, 2011 WL 4824198, at *3 (Tenn. Ct. App. Oct. 12, 2011) (citing *Swift & Co. v. United States*, 276 U.S. 311, 323-24 (1928)), *perm. app. denied* (Tenn. Mar. 8, 2012) (emphasis added). Even in criminal cases, "a defendant who pleads guilty may appeal the issue of whether or not the trial court had subject matter jurisdiction because jurisdictional defects are not waived by the plea." *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004); *see also State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999) (holding that "a no contest plea or plea of guilty does not waive a challenge to the court's jurisdiction"); Tenn. R. App. P. 3(b)(2) (allowing a defendant to appeal as of right from a guilty plea to raise issues "not waived as a matter of law by the plea").

Thus, we believe that, when a statute or rule specifically provides for an appeal as of right from a trial court's order, an appellate court has jurisdiction to hear the case and to determine whether any specific errors complained of were waived as a matter of law by a party's consent to the judgment in the court below. *See Pacific R.R. Co. v. Ketchum*, 101 US 289, 290 (1880). Generally speaking, a party's consent or failure to object to a trial court's order may waive most evidentiary and procedural issues under Tennessee

---

[6] The trial court entered its amended judgment six days after the State filed its notice of appeal. To the extent that the State's notice of appeal was premature, it would be deemed timely filed upon the entry of the amended judgment. *See* Tenn. R. App. P. 4(d).

Rule of Appellate Procedure 36(a).[7]  However, that rule does not place a restriction on this Court's jurisdiction to hear an appeal in the first place.  *See* Tenn. R. App. P. 36(b) (stating the plain error doctrine, which authorizes discretionary review of otherwise waived claims); Tenn. R. App. P. 13(b) (stating that an appellate court must consider subject matter jurisdiction and may consider other issues "(1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process").  Moreover, this Court has held that the State's failure to object to a trial court's lack of jurisdiction did not bar it from raising the issue on appeal "because such jurisdiction could not be conferred upon the criminal court by consent, estoppel, or waiver."  *Smith*, 278 S.W.3d at 329; *see also John Thedford Day v. Vici Martha Day Gatewood*, No. 02A01-9805-CV-00141, 1999 WL 269928, at *1 (Tenn. Ct. App. Apr. 30, 1999) ("The issue of subject matter jurisdiction is not waivable and thus may be raised at any time, regardless of whether any objection to the assertion of jurisdiction was made at the trial court level.").  Thus, subject matter jurisdiction remains a viable issue on appeal even if the parties consented to the judgment in the court below.

Alternatively, even if we were to determine that the State does not have an appeal as of right under Rule 3(c), this Court has the authority to treat the State's notice of appeal as a petition for a writ of certiorari.  *See State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002), *superseded on other grounds by statute*, *as recognized in State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017); *see also State v. L.W.*, 350 S.W.3d 911, 916 (Tenn. 2011) (holding that "the failure to follow the procedural requirements of [T.C.A. §] 27-8-106 for petitions for writ of certiorari in civil cases did not deprive the Court of Criminal Appeals of jurisdiction to hear these appeals").  The common law writ of certiorari has been codified at Tennessee Code Annotated section 27-8-101, which provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.  This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

The common law writ of certiorari is an "extraordinary judicial remedy," *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008), and may not be used "to inquire into the correctness of a judgment issued by a court with jurisdiction."  *Adler*, 92 S.W.3d at 401 (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)).  Instead, the writ of certiorari is

---

[7] "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."  Tenn. R. App. P. 36(a).

available "to correct '(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion.'" *Lane*, 254 S.W.3d at 355 (citation omitted). Because the State Attorney General's claim on appeal is that the post-conviction court, by accepting the AO and amending Petitioner's sentence, "exceeded the jurisdiction conferred" by the Post-Conviction Procedure Act, the writ of certiorari would be appropriate if there were "no other plain, speedy or adequate remedy" under the Rules of Appellate Procedure. T.C.A. § 27-8-101.

## B. Authority of the State Attorney General and District Attorney General

Petitioner argues that the District Attorney General had the discretion to consent to the entry of the AO and that, by appealing therefrom, the State Attorney General invaded the constitutional and statutory powers of the District Attorney General. Both the State Attorney General and the District Attorney General are constitutional officers established by Article 6, section 5 of the Tennessee Constitution, and the Legislature has codified the respective duties and responsibilities of each office. The District Attorney General "[s]hall prosecute in the courts of the district all violations of the state criminal statutes and perform all prosecutorial functions attendant thereto," T.C.A. § 8-7-103(1), while the State Attorney General shall "attend to all business of the state, both civil and criminal in the court of appeals, the court of criminal appeals[,] and the supreme court," T.C.A. § 8-6-109(b)(2). The same division of authority applies in post-conviction proceedings. Under the Post-Conviction Procedure Act, "[t]he district attorney general shall represent the state" in responding to the petition and asserting "the affirmative defenses the district attorney general deems appropriate." T.C.A. § 40-30-108(a), (d). Additionally, the district attorney general "has the option to assert" certain defenses by filing a motion to dismiss. T.C.A. § 40-30-108(c). During proceedings in the post-conviction court, the State Attorney General shall "lend whatever assistance may be necessary to the district attorney general in the trial and disposition of the cases," T.C.A. § 40-30-114(b)(1). However, "[i]n the event an appeal is taken[,]" the State Attorney General "shall represent the state and prepare and file all necessary briefs in the same manner as now performed in connection with criminal appeals." T.C.A. § 40-30-114(b)(2). As this Court has previously explained:

> Considering . . . these sections of the Code together, we conclude that the legislature has given the District Attorney General the power to prosecute criminal cases at the trial level, and that the State Attorney General has been given the full right, power and exclusive authority to prosecute criminal cases and/or pursue other remedies that may be attendant to such cases in the appellate courts.

*State v. Simmons*, 610 S.W.2d 141, 142 (Tenn. Crim. App. 1980) (holding that the district attorney general did not have standing to object to the State Attorney General's motion to dismiss an appeal). Thus, in pursuing an appeal of the post-conviction court's order, the State Attorney General was acting within his exclusive sphere to exercise the State's right to appeal.

Petitioner relies upon the Tennessee Supreme Court's opinion in *State v. Watkins*, 804 S.W.2d 884 (Tenn. 1991), for the proposition that the State Attorney General is bound by the agreements made in the trial court by the District Attorney General. In *Watkins*, the court said:

> We have carefully considered the state's argument that in representing the prosecution on appeal, the Office of the Attorney General is more than a mere extension of the local District Attorney's office and should not be bound on appeal by the action of the prosecutor in the trial court. The Attorney General undoubtedly has a role to play in ensuring that errors in the trial court prejudicial to the state are corrected on appeal. But there is a difference between seeking to correct errors in the trial court not deliberately of the state's making, and second-guessing the judgment of the local prosecutor in settling a case. Where such a settlement is not illegal and does not result in manifest injustice (and, certainly, the sentence in this case fits neither category), the state should be held on appeal to the same waiver rule as the defendant. Such a rule is particularly important in this context, because it ensures adequate notice and, therefore, fundamental fairness to a defendant engaged in the delicate process of making the determination whether to plead guilty or to go to trial.

*Id*. at 886-87. However, *Watkins* is distinguishable from the present case because the issue being discussed was an erroneous sentencing range, which the Tennessee Supreme Court has repeatedly said is a "non-jurisdictional" element of a defendant's sentence and may be the subject of plea negotiations between the defendant and the State. *See, e.g., Davis v. State*, 313 S.W.3d 751, 759-60 (Tenn. 2010).

In this Court's experience, it is not uncommon for the State Attorney General to take a different position on appeal from the one held by the District Attorney General in the trial court, even when such position is contrary to an agreement between the District Attorney General and the defendant. *See, e.g., Harold Wayne Nichols*, 2019 WL 5079357, at *11 (noting the State's changed position on appeal with regard to the post-conviction court's ability to accept a settlement agreement), *perm. app. denied* (Tenn. Jan. 15, 2020); *State v. A.B. Price*, No. W2017-00677-CCA-R3-CD, 2018 WL 3934213, at *5 (Tenn. Crim. App. Aug. 14, 2018) (noting the State's changed position on appeal with regard to whether the constitutionality of a statute was justiciable), *rev'd*, 579

S.W.3d 332 (Tenn. 2019); *State v. Alex Hardin Huffstutter*, No. M2013-02788-CCA-R3-CD, 2014 WL 4261143, at *1 (Tenn. Crim. App. Aug. 28, 2014) (noting the State's changed position on appeal with regard to whether the defendant's certified question of law was dispositive), *no perm. app. filed*; *State v. Shannon A. Holladay*, No. E2004-02858-CCA-R3-CD, 2006 WL 304685, at *5 (Tenn. Crim. App. Feb. 8, 2006) (Wade, P.J., concurring) (noting the State's changed position on appeal with regard to whether the defendant had an expectation of privacy), *no perm. app. filed*; *State v. James Anthony Hill*, No. M2003-00516-CCA-R3-CD, 2004 WL 431481, at *4 (Tenn. Crim. App. Mar. 9, 2004) (noting the State's changed position on appeal with regard to whether an offense was a lesser-included offense), *perm. app. denied* (Tenn. Sept. 7, 2004). Generally speaking, "[t]he same rules that apply to defendants likewise apply to the State" with regard to the waiver of issues raised for the first time on appeal, even when "[t]he Attorney General's Office on appeal apparently disagrees with the assistant district attorney general's concession in the trial court[.]" *State v. Jarus Smith*, No. M2014-01130-CCA-R3-CD, 2015 WL 4656553, at *7 (Tenn. Crim. App. Aug. 6, 2015), *perm. app. denied* (Tenn. Dec. 10, 2015); *see also Watkins*, 804 S.W.2d at 886 (noting that, "proverbially speaking, what is applicable to the goose ought to be applied to the gander" with regard to waiver); *State v. Adkisson*, 899 S.W.2d 626, 635-36 (Tenn. Crim. App. 1994) ("It is elementary that a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason in this Court."). However, as stated above, in this case the State Attorney General is challenging the post-conviction court's *jurisdiction* to enter the AO and the amended judgment, which is not waived by the District Attorney General's agreement thereto. *See generally State v. Boyd*, 51 S.W.3d 206 (Tenn. Crim. App. 2000). As this Court has previously observed:

> We agree that it may appear unfair to a defendant for the State to take one position at the trial court level, and after a defendant has relied on that position, take a different position on appeal. In most cases we could refuse to accept the State's position on appeal on the ground that we will not address issues not raised at the trial court level. However, as stated previously, neither we nor the trial court can ignore court rules in order to assume jurisdiction where there is none.

*Id.* at 211 (internal citations omitted).

To be clear, the resolution of the question of the authority of Attorney General to take a different position on appeal will always lie when that resolution, as is here, involves questions of the trial court's jurisdiction. It is neither a question of position change by the State as a party on appeal, nor a question of allocation of authority between a District Attorney General and the State Attorney General. It is simply a question of jurisdiction which this Court can never ignore.

Based on the foregoing, we conclude that the State had a right to appeal, that the State Attorney General had the authority to bring the appeal, and that the jurisdictional issue raised on appeal was not waived by the agreement of the parties in the court below. Thus, this appeal is properly before this Court, and we will proceed to consider the merits of the State's claim that the post-conviction court lacked jurisdiction to enter the AO and amend Petitioner's sentence.

## II. Post-Conviction Court's Jurisdiction

### A. Motion to Reopen Post-Conviction Proceedings

In *Case v. Nebraska*, 381 U.S. 336 (1965), the United States Supreme Court recommended that the states implement post-conviction procedures to address alleged constitutional errors arising in state convictions in order to divert the burden of habeas corpus ligation in the federal courts. In response, the Tennessee legislature passed the Post-Conviction Procedure Act, whereby a defendant may seek relief "when a conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103; *see also Sills v. State*, 884 S.W.2d 139, 142 (Tenn. Crim. App. 1994) ("The Post-Conviction Procedure Act was created to address and remedy constitutional wrongdoing in the convicting or sentencing process which is significant enough to render the conviction or sentence void or voidable."). However, "there is no constitutional duty to provide post-conviction relief procedures." *Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004) (citing *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)). Thus, "the availability and scope of post-conviction relief lies within the discretion of the General Assembly because post-conviction relief is entirely a creature of statute." *Bush v. State*, 428 S.W.3d 1, 15-16 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)).

Under its current iteration, the Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." T.C.A. § 40-30-102(c). While "any second or subsequent petition shall be summarily dismissed[,]" a petitioner may seek relief on the basis of claims that arise after the disposition of the initial petition by filing a motion to reopen the post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id.*; *see Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997). A motion to reopen post-conviction proceedings is only cognizable if it asserts one of the following grounds for relief:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing

- 15 -

at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

T.C.A. § 40-30-117(a)(1)-(3). Additionally, the motion must assert facts underlying the claim which, "if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." *Id*. at (a)(4). Taking the petitioner's factual allegations as true, the post-conviction court shall deny the motion if it fails to meet the requirements listed in subsection (a). T.C.A. § 40-30-117(b). If the post-conviction court grants the motion to reopen, "the procedure, relief and appellate provisions" of the Post-Conviction Procedure Act apply. *Id*.

The State does not contest the fact that the Davidson County Criminal Court, as the original court of conviction, had subject matter jurisdiction over Petitioner's post-conviction proceedings. *See* T.C.A. § 40-30-104(a) (stating that the petition must be filed with "the clerk of the court in which the conviction occurred"). Instead, the State argues that the post-conviction court lacked jurisdiction in this case because it did not properly grant Petitioner's motion to reopen post-conviction proceedings in the first place. The State contends that, despite the fact that the post-conviction court's October 5, 2016 order was entitled "Order Granting 'Motion to Reopen Post-Conviction Petition' in Part[,]" the post-conviction court did not actually reopen post-conviction proceedings because it "made none of the findings required for reopening a post-conviction petition." Specifically, the State asserts that the post-conviction court never made a finding that *Foster* established a new rule of constitutional law or that it was retroactively applicable. The State argues that, because the motion to reopen was never granted, the post-conviction court lacked jurisdiction to accept and enter the AO because there was "no case or controversy pending before it to be settled or otherwise adjudicated." Alternatively, the State argues that the October 5, 2016 order "should be vacated because the post-conviction court had no legally cognizable basis for reopening" the post-

- 16 -

conviction proceedings based upon the merits of Petitioner's claim. Specifically, the State argues that "*Foster* did not create a new rule of law" and that Petitioner cannot "establish by clear and convincing evidence that there was a constitutional violation that entitles him to relief."

As an initial matter, we disagree with the State's characterization of the post-conviction court's October 5, 2016 order. However, even if the State is correct that the post-conviction court did not actually grant the motion to reopen with respect to the *Foster* claim, it clearly did not deny the claim as it did with the *Obergefell* and *Glossip* claims. Thus, at the very least, the motion to reopen itself remained pending for adjudication at the time of the August 28, 2019 hearing.

Secondly, we note that the State did not seek to appeal the post-conviction court's October 5, 2016 order. While the motion to reopen statute provides a means by which a petitioner may seek a permissive appeal from the post-conviction court's denial of a motion to reopen, *see* T.C.A. § 40-30-117(c), it does not provide a means by which the State may appeal the post-conviction court's grant of the motion. Additionally, the State did not seek either an interlocutory appeal under Tennessee Rule of Appellate Procedure 9 or an extraordinary appeal under Tennessee Rule of Appellate Procedure 10.

Indeed, an order granting a motion to reopen is, by its very nature, an interlocutory order, triggering application of "the procedure, relief and appellate provisions" of the Post-Conviction Procedure Act. *See* T.C.A. § 40-30-117(b). The motion to reopen statute does not require the post-conviction court to specifically state its findings of fact and conclusions of law in its order granting the motion. *Cf.* T.C.A. § 40-30-109(a) (stating that the court is merely required to enter an order setting an evidentiary hearing if it does not summarily dismiss the petition); T.C.A. § 40-30-111(b) (requiring the court to enter an order stating "the findings of fact and conclusions of law with regard to each ground" "[u]pon the *final* disposition of [the] petition") (emphasis added). Instead, to grant a motion to reopen, the statute merely requires the post-conviction court to determine if the petitioner's "factual allegations, if true, meet the requirements of subsection (a)." T.C.A. § 40-30-117(b). The State does not contend that Petitioner's motion to reopen failed to comply with the pleading requirements of subsection (a); it simply disagrees with Petitioner's claim on the merits. However, "[i]n order to determine if a court has jurisdiction, we consider whether or not it had the power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong." *Cawood*, 134 S.W.3d at 163 (internal quotation omitted). Regardless of whether the post-conviction court's decision was right or wrong, it had subject matter jurisdiction to grant the motion to reopen and to set the matter for an evidentiary hearing where Petitioner would "have the burden of proving the allegations of fact by clear and convincing evidence." T.C.A. § 40-30-110(f).

## B. AO and Amended Judgment

The problem in this case arises from the fact that, although the post-conviction court had jurisdiction over Petitioner's reopening of the post-conviction proceedings, it did not have jurisdiction to amend Petitioner's death sentence to life imprisonment under the terms of the AO. "There obviously is an important distinction between the right to *seek* relief in a post-conviction proceeding and the right to *have* relief in a post-conviction proceeding." *Shazel v. State*, 966 S.W.2d 414, 415-16 (Tenn. 1998) (emphasis in original). "[I]n order for a Court to have the jurisdiction to enter a decree in a particular case it must not only have the general jurisdiction over the subject matter involved and over the parties, it must also have the power to grant the particular relief decreed." *Brown v. Brown*, 281 S.W.2d 492, 503 (Tenn. 1955). Rather than granting Petitioner post-conviction relief upon a finding of a constitutional violation, the AO in this case specifically stated that Petitioner's post-conviction claims were waived and dismissed. Thus, the post-conviction court did not have jurisdiction to amend Petitioner's sentence because his original judgment of conviction remained final. *See Delwin O'Neal v. State*, No. M2009-00507-CCA-R3-PC, 2010 WL 1644244, at *3 (Tenn. Crim. App. Apr. 23, 2010) (affirming trial court's finding that it lacked jurisdiction over a post-conviction petitioner's request for a reduction of sentence after constitutional claims were abandoned), *perm. app. denied* (Tenn. Sept. 3, 2010).

"As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *Boyd*, 51 S.W.3d at 210 (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). "[O]nce the judgment becomes final in the trial court, the court shall have no jurisdiction or authority to change the sentence in any manner[,]" except under certain limited circumstances. T.C.A. § 40-35-319(b); *see State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). "[J]urisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties." *Moore*, 814 S.W.2d at 383 (citing *State v. Hamlin*, 655 S.W.2d 200 (Tenn. Crim. App. 1983)). "[A]ny attempt by the trial court to amend the judgment, even with the agreement of the [d]efendant and the State, is void." *Boyd*, 51 S.W.3d at 210 (citing *Pendergrass*, 937 S.W.2d at 837; *Moore*, 814 S.W.2d at 383); *see also Lonnie Graves v. State*, No. 03C01-9301-CR-00001, 1993 WL 498422, at *2 (Tenn. Crim. App. Dec. 1, 1993). "To hold otherwise would effectively allow the trial court to exercise the pardoning and commutation power, which is vested solely in the Governor under Article 3, section 6 of the Tennessee Constitution." *Harold Wayne Nichols*, 2019 WL 5079357, at *12 (citing *Workman v. State*, 22 S.W.3d 807, 808 (Tenn. 2000); *State v. Dalton*, 72 S.W. 456, 457 (Tenn. 1903)).

The Post-Conviction Procedure Act provides a means for seeking relief from an otherwise final judgment "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the

Constitution of the United States." T.C.A. § 40-30-103; *see Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (noting the availability of post-conviction proceedings "to collaterally attack a conviction and sentence which have become final"). With regard to the disposition of a post-conviction petition, the statute provides as follows:

> If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal as provided in this part and shall enter an appropriate order and any supplementary orders that may be necessary and proper.

T.C.A. § 40-30-111(a). The language of this statute is significant in two respects. First, it limits the available relief that a post-conviction court may grant to either vacating the original judgment or ordering a delayed appeal. *See* T.C.A. § 40-30-113 (describing the procedures for granting a delayed appeal). Vacating a judgment allows the case to "be returned to the particular stage needed to remedy the constitutional wrong found to have occurred," whether that be the pre-trial stage or the pre-sentencing stage. *Sills*, 884 S.W.2d at 142-43. Significantly, the post-conviction statute "does not authorize a trial judge to reduce a sentence[.]" *State v. Carter*, 669 S.W.2d 707, 708 (Tenn. Crim. App. 1984). Second, the post-conviction court's authority to grant relief "is contingent upon the court's finding that the judgment is void or voidable due to an infringement of the petitioner's constitutional rights." *Harold Wayne Nichols*, 2019 WL 5079357, at *11; *see Wilson v. State*, 724 S.W.2d 766, 768 (Tenn. Crim. App. 1986) (holding that trial court's grant of a delayed appeal was inappropriate where there was no finding of a constitutional violation on the face of the order). "In the absence of a finding of constitutional violation sufficient to grant post-conviction relief, the post-conviction court is without jurisdiction to modify a final judgment." *Harold Wayne Nichols*, 2019 WL 5079357, at *12. Thus, taking these provisions of the statute together, it is clear that "[o]nly upon a finding that either the conviction or sentence is constitutionally infirm can the post-conviction court vacate the judgment and place the parties back into their original positions, whereupon they may negotiate an agreement to settle the case without a new trial or sentencing hearing." *Id*., at *11 (citing *Boyd*, 51 S.W.3d at 211-12).

Petitioner asserts that much of this Court's opinion in *Harold Wayne Nichols* regarding a post-conviction court's jurisdiction to accept a settlement agreement was dicta and, therefore, is not controlling. The term "obiter dictum" refers to a statement made by the court that is not necessary for a determination of the issue and, although it may be persuasive, it generally is not binding as precedent within the rule of stare decisis. *See Staten v. State*, 232 S.W.2d 18, 19 (Tenn. 1950). The Tennessee Supreme Court has held that "inferior courts are not free to disregard, on the basis that the statement is obiter dictum, the pronouncement of a superior court when it speaks directly on the matter

before it[.]" *Holder v. Tenn. Judicial Selection Comm'n*, 937 S.W.2d 877, 882 (Tenn. 1996). In *Harold Wayne Nichols*, the petitioner was specifically challenging the post-conviction court's conclusion that it could not accept the proposed settlement agreement "where there is no claim for post-conviction relief before this [c]ourt which should survive this [c]ourt's statutorily required preliminary order." 2019 WL 5079357, at *11. Thus, dicta or not, the question of the post-conviction court's authority to accept a proposed settlement agreement without following the statutory requirements of the Post-Conviction Procedure Act was squarely before this Court.

Alternatively, Petitioner argues that *Harold Wayne Nichols*, which was decided less than two months after the entry of the AO in this case, represents a change in the law and cannot be applied to retroactively invalidate the AO. Petitioner asserts on appeal that this Court's unpublished opinion in *Joseph Matthew Maka*, 2004 WL 2290493, which was relied upon by the post-conviction court, was "the only appellate authority on point" regarding the validity of settlement agreements in post-conviction cases at the time the AO was entered. However, *Joseph Matthew Maka* simply stands for the proposition that the trial court loses jurisdiction to amend or vacate an agreed order granting post-conviction relief once it becomes final. *Id.* at *2 (citing *State v. Peele*, 58 S.W.3d 701, 705-06 (Tenn. 2001)); *see also Anthony E. Perry v. State*, No. W2006-02236-CCA-R3-PC, 2008 WL 2483524, at *4 (Tenn. Crim. App. June 19, 2008) (relying on *Joseph Matthew Maka* in holding that the post-conviction court lost jurisdiction to vacate its order denying relief after it became final), *perm. app. denied* (Tenn. Oct. 27, 2008). Although the *Joseph Matthew Maka* court vacated the post-conviction court's subsequent order denying relief and reinstated the earlier agreed order, 2004 WL 2290493, at *3, the court did not specifically address the propriety of the agreed order itself. Moreover, we would note that, unlike this case, the agreed order in *Joseph Matthew Maka* did not state that the defendant was waiving all claims or that the post-conviction court was amending an otherwise final judgment. Instead, it stated that the post-conviction petition was "granted as to each issue and claim for relief raised therein," and that it appeared that the defendant's conviction for second degree murder was vacated and he stood to be retried for first degree murder. *Id.*, at *1-2. Thus, *Joseph Matthew Maka* does not support the proposition that the post-conviction court had the jurisdiction to enter the AO in this case, which amended Petitioner's final judgment of conviction in the absence of any finding of a constitutional violation.

Moreover, Petitioner's argument overlooks this Court's published opinion in *Boyd*, which was cited in *Harold Wayne Nichols*. In *Boyd*, the defendant filed a petition for post-conviction relief alleging ineffective assistance of counsel after the direct appeal of his guilty plea was dismissed for failure to properly preserve his certified questions of law. 51 S.W.3d at 208. The prosecutor agreed that the defendant was entitled to post-conviction relief, and the post-conviction court entered an agreed order granting the defendant a delayed appeal pursuant to Tennessee Code Annotated section 40-30-213(a)

(now renumbered as 40-30-113(a)). *Id*. However, on appeal, the State Attorney General argued "that the trial court did not have jurisdiction to amend the final judgment" to include the certified questions of law. *Id*. at 209. This Court agreed, concluding that the post-conviction court "did not have the jurisdiction to amend the judgment when it granted the delayed appeal" despite the agreement of the parties. *Id*. at 210. This Court concluded, however, that defendants in such a situation were not "left without a remedy" in that the post-conviction court, upon a finding of ineffective assistance of counsel according to the appropriate standard, could "vacate the judgment of conviction and allow the defendant to withdraw the guilty plea" pursuant to Tennessee Code Annotated section 40-30-211(a) (now renumbered as 40-30-111(a)). *Id*. at 211. Thereupon, the parties are "placed back in the position they occupied prior to the guilty plea" where they could "re-enter into such a plea agreement[.]" *Id*. at 212. The trial court could then "conduct another plea hearing and enter a new judgment of conviction, explicitly reserving the certified questions of law." *Id*. Thus, *Boyd* stands for the proposition that the post-conviction court cannot accept an agreement of the parties to bypass the statutory requirements of the Post-Conviction Procedure Act to amend a final judgment of conviction.

Because the AO in this case stated that Petitioner's claims were waived and dismissed, the post-conviction court never made a finding of a constitutional violation as required to grant relief under the Post-Conviction Procedure Act. Indeed, the amended judgment states that it was entered "in consideration of *potential* unconstitutional conviction and sentence" (emphasis added). Without finding that Petitioner's conviction or sentence were constitutionally infirm, the post-conviction court did not have the authority to vacate Petitioner's original judgment under Tennessee Code Annotated section 40-30-111(a). Thus, because Petitioner's original judgment was never vacated, it remained final, and the post-conviction court had no jurisdiction to amend it, despite the agreement of the parties. *See Boyd*, 51 S.W.3d at 210 (citing *Pendergrass*, 937 S.W.2d at 837; *Moore*, 814 S.W.2d at 383). We conclude that the proper remedy in this case is to vacate both the amended judgment and the AO, thereby placing the parties back into the positions they occupied at the time of the evidentiary hearing on August 28, 2019. *See State v. Santos Macarena*, No. M2005-01905-CCA-R3-CO, 2006 WL 1816326, at *3 (Tenn. Crim. App. June 27, 2006), *no perm. app. filed*.

### *Conclusion*

Based on the foregoing, we vacate the AO and the amended judgment. We hereby remand this case to the post-conviction court for proceedings consistent with this opinion.

TIMOTHY L. EASTER, JUDGE